# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2021

Lyle W. Cayce
Clerk

No. 20-60784
Summary Calendar

DAVID SHUMATE,

*Plaintiff—Appellant*,

*versus*

LANA HURDLE, *Acting Secretary, Department of Transportation*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-68

---

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

David Shumate, a civil engineer at the Federal Aviation Administration ("FAA"), sued the Department of Transportation for age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"). 29 U.S.C. § 621. The district court dismissed most

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60784

of Shumate's claims on summary judgment, allowing a single retaliation claim to proceed to trial. In his surviving claim, Shumate alleged that the FAA did not select him as an assistant manager at its office in Memphis, Tennessee, because he had filed an Equal Employment Opportunity ("EEO") complaint. After a two-day bench trial, the district court found that the FAA did not retaliate against Shumate and dismissed Shumate's claim with prejudice. Aggrieved, Shumate appeals the district court's judgment. We AFFIRM.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court based on all the evidence is left with the definitive and firm conviction that a mistake has been committed." *Houston Expl. Co. v. Halliburton Energy Servs., Inc.*, 359 F.3d 777, 779 (5th Cir. 2004) (citation and internal quotation marks omitted). When factual findings are based on witnesses' credibility, "Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

Shumate contends that the district court erred by not requiring the Secretary to rebut his prima facie case of retaliation under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). But Shumate fully tried his retaliation case. And "[o]n appellate review of a fully tried case, we do not concern ourselves with the shifting burdens of proof that are relevant at trial." *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 192 (5th Cir. 1991). "Rather, we limit our

review to the district court's findings on the ultimate question of [retaliation]." *Id.* at 192–93.

Here, the district court credited the trial testimony of Phillip Braden, who chose not to select Shumate for the Memphis position. Braden testified that he used the FAA's typical hiring process, which involves two rounds of interviews. In his second-round interview, Braden found that Shumate appeared arrogant and did not answer the questions asked. Based on Shumate's answers, Braden assigned him a score of 44 out of 80, which was average to slightly below-average. Braden further testified that he felt that Shumate was not suited for a management position and would not be a good fit. John Bauer and Larry Clark, who interviewed Shumate in the first round, corroborated Braden's poor assessment of Shumate.

Importantly, Braden repeatedly testified that Shumate's EEO complaint did not affect his hiring decision even though he was aware of it. The district court found Braden sincere and credible because of his demeanor. And based on Braden's and other witnesses' testimony, the district court concluded that Shumate was not rejected for the Memphis position because of his EEO complaint. Giving "due regard to the trial court's opportunity to judge the witnesses' credibility," we find no clear error in this factual finding. FED. R. CIV. P. 52(a)(6).

Finally, Shumate asks that we remand to consider possible remedies. However, Shumate is not entitled to a remedy because he never proved an underlying ADEA violation. 29 U.S.C. § 626(b). Accordingly, we AFFIRM the district court's judgment in the Secretary's favor.